UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONALD L. REBMAN and YOUNG REBMAN, husband and wife,<br><br>           Plaintiffs,<br><br>    v.<br><br>JOHNATHAN R. PERRY, M.D.; and KADLEC MEDICAL CENTER, a Washington corporation,<br><br>           Defendants. | NO. CV-04-5064-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS, IMPOSING SANCTIONS AGAINST MR. AIKEN, AND DENYING MOTION FOR RECONSIDERATION** |

On January 26, 2007, the Court held a hearing in the above-captioned matter. Plaintiffs were represented by Richard Eymann and Richard Rogers. Defendant Johnathan Perry was represented by David Thorner, and Kadlec Medical Center ("Kadlec") was represented by Jerome Aiken. The Court heard oral argument on Plaintiffs' Motion for Attorney Fees and Costs (Ct. Rec. 291). In addition, the Court heard argument on whether sanctions should issue against counsel in this case (Ct. Rec. 272). This Order memorializes and supplements the Court's oral rulings of January 26, 2007. Also before the Court for hearing without oral argument is Defendant Kadlec's Motion for Reconsideration (Ct. Rec. 365). Defendant Kadlec seeks reconsideration of the Court's oral ruling imposing sanctions on attorney Jerome Aiken for the Response to Interrogatory

ORDER ~ 1

Number 9. For the reasons stated herein, the Motion for Reconsideration is **denied**.

**A. Plaintiffs' Motion for Award of Attorney Fees and Costs**

In Plaintiffs' Motion for Award of Attorney Fees and Costs (Ct. Rec. 291), Plaintiffs seek attorney fees for Defendants' failure to make three admissions, which required Plaintiffs to incur costs and attorney fees to make that proof at trial. FED. R. CIV. P. 37(c)(2). A fee award is appropriate, unless the party refusing to admit satisfies one of the exceptions listed in the rule. *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994). Plaintiffs argue Defendants Perry and Kadlec should be sanctioned with an attorney fee award under Rule 37(c)(2), for failure to make the following admissions:

> REQUEST NO. 1: The care and treatment provided to Donald Rebman at Kadlec Medical Center on June 1, 2001, through June 6, 2001, by Johnathan R. Perry, M.D. failed to comply with the applicable standard of care which existed for that person at that time.
>
> REQUEST NO. 2: The care and treatment provided to Donald Rebman at Kadlec Medical Center on June 1, 2001, through June 7, 2001, by the nurses employed by Kadlec Medical Center failed to comply with the applicable standard of care which existed for those nurses at that time.
>
> REQUEST NO. 3: The amputation of Donald Rebman's leg on June 12, 2001, could have been avoided if proper care and treatment had been provided to Donald Rebman after his admission to Kadlec Medical Center on June 1, 2001.

In this case, as in *Marchand*, the Defendants argue the denials were appropriate because Defendants had "reasonable ground to believe that the party might prevail in the matter." FED. R. CIV. P. 37(c)(2)(C), *Marchand*, 22 F.3d 933, 937. The Ninth Circuit in *Marchard* did observe that providing an expert opinion in support of a denial does not "per se" provide a "reasonable ground" to believe a party might prevail at trial.

ORDER ~ 2

In that case, as in this one, the denial was supported by expert testimony. In *Marchand*, however, application of the sanction involved a belated admission by the physician that he failed to remove the cervical collar before a complete series of cervical spine x-rays was obtained. *Id.* The same physician had previously testified that to do so would be improper. *Id.* The district court determined, given the factual admission, there was no reasonable ground to deny negligence. *Id.*

In this case, the Defendants did in fact have reasonable ground to believe they might prevail. There was contradiction between the experts as to whether there was a tibial plateau fracture or a knee dislocation, and the consequence that may have had on the popliteal artery. The experts testifying for the defense testified there was no dislocation, which led them to believe there was no popliteal artery injury. The fact that this was different from the diagnosis of Plaintiffs' experts, and that the jury found Plaintiffs' experts to be persuasive, does not make Defendants' reliance on the testimony unreasonable. Unlike *Marchand*, the experts had an opinion that was supported by fact to some extent. Consequently, the Court denies Plaintiffs' Motion for Award of Attorney Fees and Costs.

**B.  Imposition of Sanctions and Motion for Reconsideration**

At trial, Plaintiffs orally moved for sanctions against Defendant Kadlec based on providing a materially misleading answer to Interrogatory Number 9. Specifically, the Interrogatory asked:

> Did the Nurses attending to Donald Rebman have any communication with his attending physicians regarding his right lower extremity from June 1st, 2001 through June 7th, 2001, which are not documented in the Kadlec Medical Center charts

ORDER ~ 3

> for Donald Rebman's admission June 1, 2001 for June 21st, 2001? If the answer is yes, please state the following [for] every undocumented conversation?

(Ct. Rec. 260 at 4-5.)   In response to the Interrogatory, Kadlec answered:

> Yes, there obviously is communication at those times documented in the records where the attending physicians were at the hospital examining and while the physicians were giving verbal orders related to the patient. Furthermore, on June 6, probably 5:30 p.m. and 6:30 p.m., the nurses recall a conversation between Pam Dempewolf and/or Marsha Summer and Dr. Chau. Conversation was a telephonic conversation. The substance of the communication was essentially to confirm the status of Mr. Rebman's right lower extremity and that there was no change in that status that there is no record of that communication.

*Id.*

The Court reviewed an *ex parte* document submitted by Kadlec at the time of the original motion for sanctions (Ct. Rec. 237). This memorandum of an interview by Mr. Aiken of Nurse Dempewolf was memorialized on August 20, 2004. The memorandum plainly indicated that Nurse Dempewolf had a conversation with Dr. Perry and a conversation with Dr. Chau. There is no evidence that the Nurse recanted her testimony before the interrogatory responses were served. However, at trial, Nurse Dempewolf admitted knowledge of her statement in the notes; but that no one had ever questioned her on the statement. The fact that the interrogatory response fails to identify (1) Nurse Dempewolf's conversation with Dr. Perry on June 6th regarding the condition of the leg; and (2) her conversation with Dr. Charu to confirm that Mr. Rebman's leg lacked pulses; was a materially misleading answer.

The Court considered Mr. Aiken's argument that--when confronted with the absence of such conversations in the chart notes--Nurse Dempewolf

ORDER ~ 4

later recanted, but there is no evidence that this had occurred at the time that the interrogatory response was served. An attorney may indeed have cause to cross-examine a witness' memory or account of events, as by challenging the witness with the lack of such a record in the chart notes. However, suspicions or contrary evidence in the record does not remove her statements from the realm of facts which had to be disclosed in a full and fair manner in response to the interrogatory. The Court therefore ordered an award of fees and costs to the plaintiff as an appropriate sanction against Mr. Aiken under Federal Rule of Civil Procedure 26(g), for improperly certifying a response to an interrogatory.

Defendant Kadlec filed a Motion for Reconsideration (Ct. Rec. 365). Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *See All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Hawaii 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988). Nothing in the memorandum in support of reconsideration (Ct. Rec. 366), suggests that any grounds for reconsideration exists. The Court declines to consider the additional ex parte documents submitted by counsel (Ct. Recs. 368 & 369). The memorandum merely disagrees with the Court's prior conclusion; but does not establish error in that determination.

The Court does not find reconsideration appropriate.

For the reasons given above, **IT IS HEREBY ORDERED:**

ORDER ~ 5

1. Plaintiffs' Motion for Attorney Fees and Costs **(Ct. Rec. 291)** is **DENIED**.

2. Defendant Kadlec's Motion for Reconsideration **(Ct. Rec. 365)** is **DENIED**.

3. Plaintiffs shall file and serve their request for attorney fees and costs related solely to the materially misleading Answer to Interrogatory No. 9 supported by the appropriate declarations within twenty-one (21) days of this Order. Response are due five (5) business days thereafter; Reply is due five (5) business days thereafter.

4. Plaintiffs' Request for Ruling Regarding Sanctions **(Ct. Rec. 415)** is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this  14th   day of May 2007.


                             s/ Edward F. Shea
                             EDWARD F. SHEA
                        United States District Judge

Q:\Civil\2004\5064.den.recon.wpd

ORDER ~ 6